**FULLER v. McDANIEL et al.**

No. 12028.

Court of Civil Appeals of Texas. Galveston.
July 28, 1948.

Rehearing Denied Sept. 30, 1948.

Bernard A. Golding, of Houston, for appellant.

Coulson & Coulson, of Houston, for appellees.

GRAVES, Justice.

This appeal is from an order of the 129th District Court of Harris County entered on June 30, 1948, temporarily enjoining appellant, H. T. Fuller, upon the application of the appellee, Chester McDaniel, acting individually and as chairman of the Betterment and Restrictions Committee of the Southern Village Civic Club, from further construction of a three-car garage and duplex apartment upon Fuller's property upon Lot 16, Block 4 of Southern Village, an addition to the City of Houston, Harris County, Texas, as being in violation of the common restrictions imposed upon such property by E. J. Gracey at the time he platted such village and offered same for sale, pursuant to his map and plat of such sub-division of May 3, 1940, duly then recorded in Vol. 17, page 9 of the Map Records of Harris County.

The cause and the record has been precipitated into and advanced for hearing by this Court, pursuant to R. S. Article 4662.

On the day set for hearing thereof, to wit, July 22, 1948, a record consisting of original and supplemental transcripts and a statement-of-facts from the trial court has been filed, as have also briefs for the appellant. The cause, therefore, comes on hearing upon such records only.

Although not required to do so by Rule 385, Section (e), Texas Rules of Civil Procedure, the Judge of the trial court, in compliance with the request made there by appellant, has obligingly filed and had sent up a full statement of his findings-of-fact and conclusions-of-law, in support of the order so temporarily enjoining the appel-

lant from further proceeding with the building he was then in process of construction upon his lot in such addition. The substance of that order is as follows, to wit:

"The court having considered said verified second amended petition, the affidavits submitted by the parties, the evidence and argument of counsel, and it appearing that plaintiff is entitled to the temporary injunction as herein granted, same being within his allegations and prayer, for the reason that the defendant is in the process of constructing a three-car garage and a garage apartment above same, which is in violation of the common restrictions affecting Southern Village, an Addition to the City of Houston, Harris County, Texas, and specifically Lot 16, Block 4, of Southern Village, Harris County, Texas, and that unless enjoined by this temporary injunction the plaintiff will suffer injury to his property, which cannot be compensated for by monetary damages.

"It is accordingly Ordered, Adjudged, and Decreed that the Clerk of this Court issue a Writ of Injunction pending final hearing and determination of the cause, enjoining H. T. Fuller, defendant, from constructing, or from continuing to construct, or from permitting the construction of a garage for more than two cars, or from construction, or from continuing to construct, or from permitting the construction of, a garage apartment, or other improvements other than one detached, single family dwelling, on Lot 16, Block 4 of Southern Village, an Addition in Harris County, Texas, and the defendant is further enjoined from using any structure upon said property other than a two-car garage and one detached, single family dwelling, and the defendant is enjoined from using the garage apartment now in the process of construction upon said Lot 16 in Block 4 of Southern Village, Harris County, Texas."

■ As recited, the trial court's findings-of-fact, which have been in no-wise properly challenged in this court, fully sustain the order so made; indeed, there is no denial of the facts as recited therein that the reservation so impressed upon all the lots in the addition provided for garage-space for not more than two cars, and for single resi-

dences only, whereas the appellant had—at the time he was so restrained—well-neigh converted his garage into one for three cars, and his residence into one for two distinct family units, directly violative of the general and common provisions of the plan so impressed upon the property by its subdivider, as the trial court so found and held; not only so, but he was then in process of completing such conversion, when the court's writ of temporary-injunction was served upon him.

■ There is in fact, no dispute upon appellant's part of such facts as so cited in the trial court's findings, his defenses as presented in the court below, having been to the effect that he—at the time he bought his property and when he started such reconstruction—had never been given, nor did he have, knowledge or notice of the existence of any such restrictions as were visited on him by the court; further, that others had violated such restrictions to the extent that they had become inoperative, and for that reason no longer binding; and still further, that the appellee had no authority to bring such suit.

But the trial court, on both the facts and the law, found against those contentions, pronouncing directly against them all in these conclusions of law:

"3. The common restrictions executed by E. J. Gracey on May 3, 1940, covering all lots in Southern Village are mutually binding on all lots in said addition and all property owners in said addition and specifically are binding on H. T. Fuller.

"4. Chester McDaniel as a property owner in Southern Village had a right to prosecute the suit against H. T. Fuller for violation of said restrictions.

"5. The plaintiff, Chester McDaniel, made a timely objection to the violation of said restrictions, and timely filed his suit and prosecuted same with diligence.

"6. That the common restrictions imposed upon all lots in Southern Village by E. J. Gracey are now in full force and effect, and have not been abandoned nor abolished by any other means.

"7. That the structure being erected by H. T. Fuller is a three-car garage and garage apartment designed as a separate

family dwelling-unit, and same are in violation of the common restrictions for Southern Village.

"8. That in the discretion of the trial court the completion and use of the three-car garage and garage apartment, in violation of the restrictions, will result in irreparable damage to the other residents and property owners of Southern Village, and to Chester McDaniel in particular; that the granting of the temporary injunction will maintain the status-quo, pending a hearing on the merits, and will not damage H. T. Fuller."

Since the sole question of law in such a cause presented to this court is one of whether or not the trial court is shown to have violated a sound judicial discretion, and since no such showing has been made, the trial court's order will be in all respects affirmed. 24 Tex.Jur., Injunctions, pages 121–2, paragraph 85, and cited authorities, under foot-notes 19 and 20 and 1, 2, and 3.

Affirmed.